**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **LEVI WARD, #1071751,** )  | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:05-CV-0343-M |
| ) | |
| **DOUGLAS DRETKE, Director, Texas** ) | |
| **Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Stevenson Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Cuero, Texas. Respondent is the Director of TDCJ-CID. The Court issued process in this case.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner for the offense of aggravated robbery in the 204th Judicial District Court of Dallas County, Texas, in cause number F01-49243-P. On November 7, 2001, punishment was

assessed at twenty-eight years imprisonment. The Court of Appeals affirmed his conviction and sentence. See Ward v. State, No. 05-01-01790-CR (Tex. App. -- Dallas, Jan. 9, 2003, pet. ref.).

Thereafter, Petitioner filed a motion for leave to file petition for writ of mandamus on July 14, 2003, seeking to compel the Dallas County District Court and the court reporter to provide him with a copy of the trial records and transcripts free of charge. Ex parte Ward, No. 56,463-01. On September 3, 2003, the Texas Court of Criminal Appeals (TCCA) denied leave to file the petition for writ of mandamus. Id., at cover. On May 7, 2004, Petitioner filed his state habeas corpus application pursuant to art. 11.07, Texas Code of Criminal Procedure, which the TCCA denied without written order on December 15, 2004. Ex parte Ward, No. 56,463-03, at 2 and at cover.[1]

In this federal petition, filed on February 18, 2005, Petitioner alleges he was denied the effective assistance of counsel at trial, and the evidence was legally and factually sufficient to support his conviction.[2]

---

[1] During the pendency of the art. 11.07 application, Petitioner filed a second motion for leave to file petition for writ of mandamus, seeking to compel the Dallas County District Court to designate issues or to forward the record to the TCCA. Ex parte Ward, No. 56,463-02. On October 6, 2004, the TCCA denied without written order the motion for leave to file since the issue had become moot. Id., at cover.

[2] Pursuant to Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing. Here Petitioner failed to sign and date his federal petition (see Pet. at 9), and he signed his brief in support nine months before submitting the federal petition. However, Petitioner obtained a certificate of inmate trust account on February 8, 2005, which he mailed to this Court along with his petition and request for leave to proceed *in forma pauperis*. (See Motion for Leave to Proceed *In Forma Pauperis* at 2 and attached inmate trust account statement). Therefore, for purposes of this recommendation, the petition is deemed filed on February 8, 2005, the earliest possible date on which Petitioner could have placed it along with his certificate

2

In response to this court's order, Respondent filed an answer along with the state court record, seeking dismissal of the petition as time barred or, alternatively, denial on the merits. Petitioner filed objections.

<u>Findings and Conclusions</u>: The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. <u>See</u> 28 U.S.C. § 2244(d).

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. <u>See</u> 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner alleges that the failure to provide him with a copy of the state court record and trial transcripts, which he repeatedly requested, amounted to a state-created impediment under subparagraph (B) that prevented him from filing this federal petition. (Petitioner's Response to Show Cause Order filed on May 12, 2005, at 2-8, and Petitioner's Response to Respondent's Answer filed on Sep. 22, 2005, at 1-3).

28 U.S.C. § 2244(d)(1)(B) provides that the one-year limitation period begins to

---

of inmate trust account in the prison mail.

run on the "date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  To invoke this section, a petitioner must establish that: "(1) he was prevented from filing a petition, (2) by State action (3) in violation of the Constitution or federal law."  Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003).

Petitioner cannot meet the first prong of § 2244(d)(1)(B) by establishing that the denial of free state court records and transcripts prevented or delayed him from filing this federal petition.  "Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition."  Miles v. Dretke, 2004 WL 827941, *3-4, NO. 3-03-CV-2725-K (N.D.Tex., Apr. 15, 2004), findings and conclusions adopted, 2004 WL 1041635 (N.D.Tex. May 05, 2004).  There is no requirement under either state or federal law that a habeas petitioner file the state court record in a habeas corpus proceeding nor does a prisoner have a constitutional right to free copies of records or transcripts for the purpose of preparing a collateral attack on his conviction.  Id.  Therefore, Petitioner cannot show that a state created impediment prevented him from timely filing this federal petition.

Nor does Petitioner base his petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final.  Thus, the Court will calculate the one-year statute of limitations from the

4

date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final for purposes of the one-year period on May 27, 2003, ninety days after the TCCA refused the petition for discretionary review on February 26, 2003.  See Sup. Ct. R. 13.1, 13.3 (2005); Clay v. United States, 537 U.S. 522, 528 n. 3, 123 S. Ct. 1072, 1077 n. 3, 155 L. Ed. 2d 88 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000).  The one-year period began to run on May 28, 2003, the day after his conviction became final.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir.1998).  As of May 7, 2004, the date on which Petitioner filed his art. 11.07 application, Ex parte Ward, No. 56,463-03, at 2, 345 days of the one-year limitation period had elapsed.  The state application remained pending until its denial on December 15, 2004, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2).  See also Sonnier v. Johnson, 161 F.3d 941, 944 (5th Cir. 1998); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998).  The one-year period resumed running on December 16, 2004, and expired twenty days later on January 4, 2005 – thirty-five days before Petitioner can be deemed to have filed the federal petition in this case.  Therefore, the federal petition is time barred unless the one-year statute of limitations is tolled on equitable grounds.[3]

---

[3] The pendency of the two motions for leave to file a petition for writ of mandamus, see Ex parte Ward, Nos. 56,463-01 and 56, 463-02, did not statutorily toll the limitation period.  The Fifth Circuit has long held that a motion for leave to file a mandamus application is not considered an application for post-conviction or other collateral relief for purposes of § 2244(d)(2)'s tolling provision.  See Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002).

Nor is Petitioner entitled to statutory tolling during the pendency of his motion for rehearing or reconsideration of the denial of his art. 11.07 application.  Ex parte Ward,

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." United States v. Patterson, 211 F.3d 927, 930-31 (5th Cir.2000) (quoting Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998)). Equitable tolling applies only in cases presenting "rare and exceptional circumstances." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Id. (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).

The present case does not present the type of extraordinary circumstances warranting equitable tolling. Petitioner argues that the trial court denied him access to trial records and transcripts. However, denials and delays in the receipt of transcripts and court-records do not generally equate to an "extraordinary circumstance" that justifies equitable tolling of the limitations period established by the AEDPA. Petitioner has not shown how the court records were necessary for the filing of his state application, and nothing of record indicates that petitioner needed his state records to raise his claims. Hughes v. Cockrell, 2003 WL 21510812, *5, No. 3:01cv2256-L (N.D.Tex. 2003). As a matter of fact, the art. 11.07 application and this federal petition raise claims that had

---

No. 56,463-03. In Emerson v. Johnson , 243 F.3d 931, 934-35 (5th Cir. 2001), and Lookingbill v. Cockrell , 293 F.3d 256, 261 (5th Cir. 2002), after the TCCA denied state habeas relief, the petitioners filed, within the one-year period of § 2244(d), a motion to reconsider. See Emerson , 243 F.3d at 932, 935-36; Lookingbill , 293 F.3d at 261. In the instant case, Petitioner signed his motion for reconsideration on January 11, 2005, and filed it on January 21, 2005, see Ex parte Ward, No. 56,463-03, after the one-year period had expired. See Gordon v. Dretke,107 F. App'x 404, 406 (5th Cir. 2004) (unpublished per curiam) (distinguishing Emerson and Lookingbill, and holding that motion for rehearing/consideration filed after one-year period had expired did not statutorily toll one-year period).

been raised on direct appeal. Therefore, Petitioner has provided nothing to show that the alleged denial amounts to an extraordinary circumstance that entitles him to equitable tolling.

Moreover, this is not a case in which Petitioner pursued "the process with diligence and alacrity." Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000). Petitioner filed his art. 11.07 application with only twenty days remaining of the one-year limitation period. While Petitioner sought to obtain a copy of the state court records and transcripts during the first part of this time period, it is undisputed that the one-year period kept running and that by September 3, 2003, the TCCA had denied his motion for leave to file petition for writ of mandamus, which sought those state records and transcripts. Upon receiving notice of that decision, Petitioner did not immediately file his art. 11.07 application. Rather he waited for an additional eight months before filing the same. Following the denial of his art. 11.07 application, Petitioner waited an additional 35 days before submitting this federal petition for filing. These delays – clearly of Petitioner's own making – do not constitute rare and extraordinary circumstances warranting equitable tolling. It is well established that "equity is not intended for those who sleep on their rights. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the habeas corpus petition as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d).

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

Signed November 3, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.